UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

P3 and P4, Individually and as Parents and Natural Guardians of V3,

                Plaintiffs,

v.

HILTON CENTRAL SCHOOL DISTRICT,
NORTHWOOD ELEMENTARY SCHOOL,
KIRK ASHTON,
and CASEY KOSIOREK,

                Defendants.

**COMPLAINT**

Case No.: _____

Plaintiffs P3 and P4, individually and as parents and natural guardians of V3 (collectively, "Plaintiffs"), by and through their attorneys, the Law Offices of Pullano & Farrow PLLC, as and for their complaint against the defendants named above, allege as follows:

## PARTIES

1. Plaintiffs P3 and P4 are and were at all times relevant to this complaint, the parents and natural guardians of V3, who is a minor.

2. Plaintiffs P3, P4, and V3 are and were at all times relevant to this complaint residents of the Town of Hilton, County of Monroe, State of New York.

3. This complaint is being filed under pseudonyms P3, P4, and V3 pursuant to Federal Rules of Civil Procedure Rule 10(a).

4. V3 is a minor and victim of sexual abuse. Should V3's name be exposed in this suit, he could be subjected to ridicule, embarrassment, scrutiny, and rumors/gossip by his peers and/or the general public.

5. P3 and P4 are the adult parents of said minor and, therefore, revealing their names would reveal the identity of their minor child.

6. Upon information and belief, defendant Northwood Elementary School ("Northwood") was and is a public school duly organized and operating under the laws of the State of New York with its principal office located at 433 North Greece Road, Hilton, New York 14468.

7. Upon information and belief, defendant Hilton Central School District ("HCSD") was and is a school district and municipal entity duly organized and operating under the laws of the State of New York with its principal office located at 225 West Avenue, Hilton, New York 14468.

8. Upon information and belief, defendant Kirk Ashton ("Ashton") was and is an individual previously residing in the County of Monroe, State of New York.[1]

9. Upon information and belief, defendant Casey Kosiorek ("Kosiorek") was and is an individual residing in the County of Monroe, State of New York.

10. Northwood, HCSD, Ashton, and Kosiorek shall hereafter be referred to collectively as "Defendants."

## JURISDICTION AND VENUE

11. This Court has personal jurisdiction over defendants Ashton and Kosiorek as each reside in the State of New York.

12. This Court has personal jurisdiction over defendants Northwood and HCSD as they have their principal offices in the State of New York.

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] As of November 28, 2022, Ashton is incarcerated at the Elmira Correctional Facility.

14. Plaintiffs further invoke the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under state law.

15. Venue is proper in the Western District Court of New York pursuant to 28 U.S.C. § 1391.

16. This complaint is being brought pursuant to the New York Child Victims Act. Pursuant to this Act, a Notice of Claim is not required.

## FACTUAL ALLEGATIONS

17. Upon information and belief, at all times relevant to this complaint, defendant Ashton was employed by HCSD as principal of Northwood Elementary School from 2004 through April 2021.

18. Northwood is an elementary school located within and under the control and auspices of HCSD.

19. Upon information and belief, at all times relevant to this complaint, Ashton was under the direct supervision and control of Northwood, HCSD, and/or Kosiorek.

20. Upon information and belief, Kosiorek was employed by HCSD as superintendent from January 2016 through the date of this complaint.

21. At all times relevant to this complaint, V3 was a student at Northwood Elementary School.

22. Through his position at, within, or for Northwood and HCSD, Ashton was put in direct contact with V3, who was a student at Northwood.

23. Upon information and belief, Ashton used his position of authority to create regular "lunch bunch" meetings with a selection of male students from Northwood.

24. "Lunch bunch" would take place in Ashton's office at Northwood with the door to Ashton's office closed.

25. These "lunch bunch" meetings were used as a means of separating and isolating V3, as well as other young boys, so as to give Ashton private time with each child.

26. Upon information and belief, as these "lunch bunch" meetings were conducted during school hours in the presence of other teachers, administrators, and staff of Northwood and HCSD, the "lunch bunch" meetings were known, or should have been known, to Northwood, HCSD, and Kosiorek.

27. Beginning in 2015, when V3 was enrolled at Northwood as a second grader, Ashton began removing V3 from his regular classroom setting to have him attend "lunch bunch" meetings.

28. P3 and P4 were never informed by Ashton, Northwood, HCSD, and/or Kosiorek that these closed-door "lunch bunch" meetings were taking place and/or that V3 was attending such meetings.

29. During these "lunch bunch" meetings, Ashton would ask V3 to sit on his lap and read to him. Ashton would then inappropriately rub V3's shoulders, neck, back, and stomach, both over and under his shirt. Ashton would also rub V3's thighs and tousle his hair.

30. The aforementioned conduct occurred consistently throughout V3's second grade and third grade years (2015-2017).

31. Such conduct took place on school grounds, specifically in Ashton's office.

32. Various employees of HCSD and Northwood, including V3's teachers, were aware of the "lunch bunch" meetings as V3 would be taken out of class to attend them.

33. HCSD, Northwood, and Kosiorek knew and/or reasonably should have known of Ashton's inappropriate and unlawful sexual acts against V3.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT ASHTON
### (Assault and Battery as Against V3)

34. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 33 with the same force and effect as though fully set forth herein.

35. Defendant Ashton intentionally and unlawfully engaged in inappropriate and sexually motivated physical contact with V3.

36. Defendant Ashton intentionally touched V3 without his consent.

37. Defendant Ashton caused V3 to believe that harmful and abusive conduct was going to occur on multiple occasions between 2015 and 2017.

38. Defendant Ashton knew that his conduct would cause harm to V3.

39. As a direct and proximate result of the foregoing, V3 has suffered emotional trauma, embarrassment, emotional stress, anxiety, depression, mental anguish, humiliation, emotional and psychological injuries, and pain and suffering.

40. By reason of the foregoing, V3 has been damaged in the sum of Two Million Dollars ($2,000,000.00).

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Negligence)

41. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 40 with the same force and effect as though fully set forth herein.

42. Defendants knew or should have known that Ashton was sexually abusing minor male students at Northwood.

43. Defendants knew or should have known that Ashton was having closed-door meetings with minor male students at Northwood on a frequent basis and for extended periods of time.

44. Defendants breached their duties to Plaintiffs by failing to exercise reasonable care.

45. The frequency and length of such closed-door meetings would have caused a reasonable person to investigate such meetings.

46. Defendants also failed to properly supervise Ashton in his role as principal of Northwood.

47. Defendants failed to protect V3 from a known danger.

48. As a direct and proximate result of the foregoing, Plaintiffs have suffered emotional trauma, embarrassment, emotional stress, anxiety, depression, mental anguish, humiliation, emotional and psychological injuries, and pain and suffering.

49. By reason of the foregoing, Plaintiffs have been damaged in the sum of Two Million Dollars ($2,000,000.00).

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST
### HCSD, NORTHWOOD, AND ASHTON
**(Intentional Infliction of Emotional Distress)**

50. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 49 with the same force and effect as though fully set forth herein.

51. Defendant Ashton, in his official capacity as principal of Northwood and an employee of HCSD, exhibited unlawful and inappropriate conduct towards V3, all of which were in violation of the constitutional and civil rights of V3.

52. Defendants HCSD and Northwood were aware of Ashton's inappropriate and unlawful conduct towards V3.

53. Despite such knowledge, defendants HCSD and Northwood refused to investigate and/or take the steps necessary to stop Ashton's inappropriate and unlawful conduct towards V3.

54. The foregoing conduct by defendants HCSD, Northwood, and Ashton was done intentionally, and with gross indifference to Plaintiffs' rights.

55. The foregoing conduct by defendants HCSD, Northwood, and Ashton was the sole and proximate cause of Plaintiffs' mental and emotional anguish.

56. As a direct and proximate result of the foregoing, Plaintiffs have suffered emotional trauma, embarrassment, emotional stress, anxiety, depression, mental anguish, humiliation, medical expenses, emotional and psychological injuries, and pain and suffering.

57. By reason of the foregoing, Plaintiffs have been damaged in the sum of Two Million Dollars ($2,000,000.00).

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS NORTHWOOD, HCSD, AND KOSIOREK
### (Negligent Training, Supervision, Hiring, and Retention)

58. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 57 with the same force and effect as though fully set forth herein.

59. Defendants Northwood, HCSD, and Kosiorek failed to adequately train and supervise its employees, including Ashton, with respect to appropriate staff-student relations.

60. HCSD and Northwood knew or should have known of Ashton's inappropriate tendencies and school policy violations by conducting a proper investigation into Ashton's background before hiring him as principal of Northwood.

61. Through the exercise of due care, HCSD and Northwood would have discovered Ashton's propensity for poor decision making and illegal activities based on his prior convictions for Driving While Intoxicated in 1998 and 2007 (during his time as principal of Northwood).

62. Defendants Northwood, HCSD, and Kosiorek failed to adequately supervise Ashton during his employment and negligently placed Ashton in a sensitive position of employment without proper training, supervision, or control.

63. Defendants Northwood, HCSD, and Kosiorek tolerated and permitted a pattern of illegal and unwanted sexual abuse and molestation of Northwood students in violation of their civil rights.

64. Defendants Northwood, HCSD, and Kosiorek failed to maintain a proper system for supervising and disciplining their employees and in doing so failed to maintain a safe environment for their students.

65. The aforementioned acts of Ashton, as principal of Northwood and an employee of HCSD, directly and proximately resulted from the failure of defendants Northwood, HCSD, and Kosiorek to properly, train, hire, retain, and supervise their personnel.

66. Such failure to adequately train, hire, supervise, and retain their employees was the reason for Ashton unlawfully engaging in inappropriate relations with V3, thereby causing the damages that are the subject of this complaint.

67. As a direct and proximate result of Northwood's, HCSD's, and Kosiorek's negligent failure to train, supervise, hire, and retain employees, V3 has suffered and continues to suffer emotional trauma, embarrassment, emotional stress, anxiety, depression, mental anguish, humiliation, emotional and psychological injuries, and pain and suffering.

68. By reason of the foregoing, Plaintiffs have been damaged in the sum of Two Million Dollars ($2,000,000.00).

**AND AS FOR A FIFTH CAUSE OF ACTION AGAINST
DEFENDANTS NORTHWOOD, HCSD, AND KOSIOREK
(Breach of Duty to Report Abuse Under N.Y. Social Services Law §§ 413, 420)**

69. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 68 with the same force and effect as though fully set forth herein.

70. Pursuant to N.Y. Social Services Law §§ 413 and 420, defendants Northwood, HCSD, and Kosiorek had a statutorily imposed duty to report reasonable suspicion of abuse of children in their care.

71. Defendants Northwood, HCSD, and Kosiorek breached that duty by knowingly and willfully failing to report reasonable suspicion of abuse by Ashton of children in their care.

72. As a direct and/or indirect result of said conduct, Plaintiffs have suffered and continue to suffer emotional trauma, embarrassment, emotional stress, anxiety, depression, mental anguish, humiliation, emotional and psychological injuries, and pain and suffering.

73. By reason of the foregoing, Plaintiffs have been damaged in the sum of Two Million Dollars ($2,000,000.00).

**AND AS FOR AN SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**(42 U.S.C. § 1983 for Violations of V3's Civil Rights)**

74. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 73 with the same force and effect as though fully set forth herein.

75. The specific acts, including, but not limited to negligence, assault, battery, intentional infliction of emotional distress, and negligent failure to train, hire, supervise, and retain, and violation under color of law are each exclusively, and without regard to the other, a separate and distinct violation of V3's rights as enumerated above.

76. The custom or policy of Defendants, as set forth above, caused V3 to be subjected to a denial of his constitutional rights in direct violation of the provisions of 42 U.S.C. § 1983.

77. The civil rights of V3, as guaranteed under the Constitution and statutes, common law, and case law of the United States and New York State were willfully violated by all of the above misconduct.

78. Acting under color of law, Defendants deprived V3 of his rights, privileges, and immunities pursuant to the Fourteenth Amendment to the United States Constitution and 41 U.S.C. § 1983 by denying V3 his constitutional right to equal protection under the laws of the United States.

79. As a direct and proximate result of the foregoing, V3 has suffered and continues to suffer emotional trauma, embarrassment, emotional stress, anxiety, depression, mental anguish, humiliation, emotional and psychological injuries, and pain and suffering.

80. By reason of the foregoing, V3 has been damaged in the sum of Two Million Dollars ($2,000,000.00).

**WHEREFORE**, Plaintiffs demand judgment as follows:

a. On the first cause of action, in favor of P3 and P4, in their capacities as parents and natural guardians of V3, for the benefit of V3, as against defendant Ashton, in the amount of Two Million Dollars ($2,000,000.00);

b. On the second cause of action, in favor of Plaintiffs, as against all Defendants, jointly and severally, in the amount of Two Million Dollars ($2,000,000.00);

c. On the third cause of action, in favor of Plaintiffs, as against defendants Northwood, HSCD, and Ashton, jointly and severally, in the amount of Two Million Dollars ($2,000,000.00);

d. On the fourth cause of action, in favor of Plaintiffs, as against defendants Northwood, HCSD, and Kosiorek, jointly and severally, in the amount of Two Million Dollars ($2,000,000.00);

e. On the fifth cause of action, in favor of Plaintiffs, as against defendants Northwood, HCSD, and Kosiorek, jointly and severally, in the amount of Two Million Dollars ($2,000,000.00);

f. On the sixth cause of action, in favor of P3 and P4, in their capacities as parents and natural guardians of V3, for the benefit of V3, as against all Defendants, jointly and severally, in the amount of Two Million Dollars ($2,000,000.00);

g. Punitive damages as against defendants Kosiorek and Ashton in an amount to be determined at trial;

h. An award of reasonable attorneys' fees, pursuant to the Civil Rights Attorneys Fees Act of 1976 and 42 U.S.C. § 1988; and

i. For such other relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 28 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury of the claims raised herein for which Plaintiffs have a right to a trial by jury.

Dated: December 12, 2022  
      Rochester, New York

**PULLANO & FARROW**

By:   s/ Mallory K. Smith  
Mallory K. Smith, Esq.  
Langston D. McFadden, Esq.  
***Attorneys for Plaintiffs***  
69 Cascade Drive, Suite 307  
Rochester, New York 14614  
msmith@lawpf.com  
lmcfadden@lawpf.com  
Tel: 585-730-4773  
Fax: 888-971-3736